**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JOHN D. MOFFATT,

                Plaintiff,

v.                                   CIVIL ACTION NO.   2:12-cv-00411

MEGHAN C. SPENSKY,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending are the United States' motion to dismiss Defendant Meghan C. Spensky and substitute the United States as the defendant in this case [Docket 3]; the United States' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim [Docket 5]; Plaintiff's "Motion for Judical [sic] Review of Defendant's Certification of Scope of Employment" [Docket 13.].   For the reasons that follow, the Court **DISMISSES WITH PREJUDICE** this case for lack of subject matter jurisdiction.

## I.    *PROCEDURAL BACKGROUND*

On February 10, 2012, Plaintiff filed a civil Complaint in the Circuit Court of Kanawha County, West Virginia.   (Docket 1-1 at 2-4.)   The Complaint alleged that Defendant Meghan C. Spensky "did make a malicious false allegation of Sexual Harassment against Plaintiff."   (*Id.* at 3.)   He claimed that after Defendant made the allegation he "was terminated on March 11, 2010[,] from the Department of Homeland Security/Federal Protective Service." (*Id.*)   Plaintiff claimed Defendant's allegation was "slanderous hearsay that affected the conditions of the Plaintiff's

employment." (*Id.*)  Plaintiff asserts he is entitled to "restitution" in the form of lost wages among other things.

On February 16, 2012, the United States filed its notice of removal of this case from state court. (Docket 1.)   Pursuant to this Court's September 2, 2010, Standing Order, this matter was referred to United States Magistrate Judge Mary E. Stanley for proposed findings and a recommendation ("PF&R"). (Docket 2.)   On March 9, 2012, Magistrate Judge Stanley filed her PF&R recommending, among other matters, that the Court grant the United States' motion to dismiss for lack of subject matter jurisdiction.   (Docket 10 at 6.)   On March 12, 2012, Plaintiff filed timely objections to the PF&R.   (Docket 12.)

## II.   DISCUSSION

### A.  *Federal Rule of Civil Procedure 12(b)(1)*

Among other grounds, the United States moves to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1).   A motion to dismiss an action under Rule 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. A Rule 12(b)(1) motion may attack subject matter jurisdiction in two ways.   First, a Rule 12(b)(1) motion may attack the complaint on its face contending that the complaint "fails to allege facts upon which subject matter jurisdiction can be based." *Campbell v. United States,* Civil Action No. 2:09-0503, 2010 WL 696766, at * 7 (S.D. W. Va. Feb. 24, 2010) (Copenhaver, J.) (citing *Adams v. Bain,* 697 F.2d 1213, 1219 (4th Cir. 1982).   Second, the defendant can assert that the allegations in the complaint establishing jurisdiction are not true. *Id*.

A motion questioning subject matter jurisdiction must be considered before other challenges because the court must find it has jurisdiction before determining the validity of any

2

claims brought before it.   *Evans v. B.F. Perkins Company*, 166 F.3d 642, 647 (4th Cir. 1999). "It is the duty of the Court to see to it that its jurisdiction is not exceeded; and this duty, when necessary, the Court should perform on its own motion." *Spence v. Saunders*, 792 F. Supp. 480, 482 (S.D. W. Va. 1992) (Faber, J.) (citation omitted).

In a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

### B.  Federal Tort Claims Act & Sovereign Immunity

The Federal Tort Claims Act ("FTCA") is the exclusive remedy for persons asserting torts claims against federal employees acting within the scope of their employment. 28 U.S.C. § 1346(b).   The FTCA provides that

> the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

The FTCA did not, however, waive the sovereign immunity of the United States in all respects.   Congress was careful to exempt from the Act's waiver of immunity "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). As with all provisions of the FTCA, the "intentional torts" exemption set forth in section 2680(h)

"must be strictly construed in favor of the sovereign." *Thigpen v. United States*, 800 F.2d 393, 394 (4th Cir.1986) (citing *Garcia v. United States*, 776 F.2d 116, 118 (5th Cir.1985)).

    C. *United States Attorney's Certification*

    The United States has tendered a certification pursuant to 28 U.S.C. § 2679(d)(1) that Defendant was acting within the scope of her employment as an employee of the United States at the time of the alleged incident.   (Docket 1-2 at 1.)

    Sections 2679(d)(1) & (2) provide:

> (1) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

> (2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

    The Attorney General's designee's certification that a defendant employee was acting within the scope of his or her federal employment is conclusive unless challenged. *Gutierrez de Martinez v. Drug Enforcement Admin.*, 111 F.3d 1148, 1153-54 (4th Cir. 1997) (citing *Billings v. United States*, 57 F.3d 797, 800 (9th Cir.1995)).   "When the certification is challenged, it serves as *prima facie* evidence and shifts the burden to the plaintiff to prove, by a preponderance of the evidence, that the defendant federal employee was acting outside the scope of his employment."

111 F.3d at 1153 (citing *Palmer v. Flaggman*, 93 F.3d 196, 198-99 (5th Cir.1996) (stating that "the burden of proof lies with the plaintiff to show that the Attorney General's initial decision was incorrect" (footnote omitted)); *Coleman v. United States*, 91 F.3d 820, 823 (6th Cir. 1996) (stating that "the Attorney General's certification provides *prima facie* evidence that an employee's conduct is within the scope of employment"); *Flohr v. Mackovjak*, 84 F.3d 386, 390 (11th Cir. 1996) (same); *Anthony v. Runyon*, 76 F.3d 210, 213, 215 (8th Cir. 1996) (noting that "Westfall certification acts as *prima facie* evidence that the defendants were acting within the scope of their employment," and that after certification, "plaintiffs have the burden of coming forward with specific evidence in rebuttal" (internal quotation marks omitted)); *Billings*, 57 F.3d at 800 (holding that "[c]ertification by the Attorney General is prima facie evidence that a federal employee was acting in the scope of her employment"); *Kimbro v. Velten*, 30 F.3d 1501, 1509 (D.C. Cir. 1994) (explicitly agreeing with the Third Circuit's view that a certification is "entitled to '*prima facie*' effect" and "obliges the plaintiff to come forward after reasonable discovery with evidence supporting his allegations both as to scope and as to the merits" (citations omitted); *Schrob v. Catterson*, 967 F.2d 929, 935 (3d Cir.1992) (same); *Hamrick v. Franklin*, 931 F.2d 1209, 1211 (7th Cir.1991) (holding that "the plaintiffs have the burden of showing that the defendants' conduct was not within the scope of employment").

In assessing whether the plaintiff has rebutted the *prima facie* case, however, the district court should not defer to the Attorney General's certification, but should instead review the question de novo. *Gutierrez de Martinez*, 111 F.3d at 1154 (citing *Palmer*, 93 F.3d at 198-99 (stating that it gave "no judicial deference to the Attorney General's findings"); *Anthony*, 76 F.3d at 213 (stating that "the district court must independently review the case and determine whether

5

the defendant was in fact acting within the scope of his or her employment"); *Kimbro*, 30 F.3d at 1509 (noting that the certification has no "particular evidentiary weight"); *Schrob*, 967 F.2d at 936 n. 13 (explaining that deference to the certification "is not justified, for the certification should be reviewed de novo by the district court"); *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 745 (9th Cir.1991) (concluding, in asking "what level of deference the district court should afford the certification," that review of the certification is "de novo"); *Hamrick*, 931 F.2d at 1211 (holding that the district court should engage in a "de novo review to determine whether the certification was proper"); *S.J. & W. Ranch, Inc. v. Lehtinen*, 913 F.2d 1538, 1543 (11th Cir.1990) (noting that "the Attorney General's scope certification does not warrant judicial deference"), *amended on other grounds*, 924 F.2d 1555 (11th Cir.1991); *Nasuti v. Scannell*, 906 F.2d 802, 813 (1st Cir.1990) (holding that, for substitution purposes, the scope-of-employment question must "be independently resolved by the court").

If the plaintiff does not come forward with any evidence, the certification is conclusive. *Gutierrez de Martinez*, 111 F.3d at 1155. Moreover, the plaintiff's submission must be specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision, not mere conclusory allegations and speculation. If the plaintiff's evidence is sufficient to carry the burden of proof, the defendant federal employee or the Government may come forward with evidence in support of the certification.

### D. Analysis

#### 1. Plaintiff fails to prove that Meghan Spensky was acting outside of the scope of her federal employment at the time of the alleged incident

In his response to the United States' motion to substitute the United States as the defendant in this case, Plaintiff challenges the United States' certification. (Docket 12.) Accordingly,

6

rather than serve as conclusive evidence, the United States' certification serves as *prima facie* evidence, thus, shifting the burden to the plaintiff to prove by a preponderance of the evidence that the defendant federal employee was acting outside the scope of his employment.   *Gutierrez de Martinez*, 111 F.3d at 1153.

Plaintiff fails to carry his burden.   In his response to the United States' motion to dismiss Defendant Meghan Spensky, Plaintiff argues that Defendant and "other senior supervisory personnel" allegedly refused to provide a written statement to an "EEOC Investigator" and that, consequently, this "demonstrates that the alleged incident did not occur and the supervisory personnel are not willing to jeopardize their career in support of a fictitious incident."   (Docket 8 at 2.)   Plaintiff argues that the United States should not be substituted as a defendant because it is immune from liability under § 2680 and that the "Defendant must be personally held accountable for her actions and not seek shelter under the protection of 28 USC 2671 and 2679 for government employees."   (*Id.*)   Plaintiff further asks that this case "be remanded to the court of initial filing where [sic] remedy is available under 42 U.S.C. 233(c).   The issue is not with the United States, in this matter, but the Defendant Meghan C. Spensky." (*Id.*)

None of these arguments show in any way—nor are they tethered to any evidence—that Meghan Spensky was acting outside the scope of her employment at the time of the alleged incident.   Having failed to rebut the United States' *prima facie* showing, this case is deemed by operation of 28 U.S.C. § 2679(d)(1) to be against the United States and, thus, the claims against Defendant Meghan C. Spensky are **DISMISSED WITH PREJUDICE** and the United States serves as the substitute defendant in this case.

7

> 2. *The Court lacks subject matter jurisdiction over this case because Plaintiff has not shown that he has exhausted his administrative remedies prior to filing his complaint.*

In its motion to dismiss the United States argues that the Court lacks subject matter jurisdiction over this case because Plaintiff failed to exhaust his FTCA administrative remedies as mandated by 28 U.S.C. §§ 2671-2680.   (Docket 5 at 1.)   The United States also asserts that Plaintiff's tort claim against the United States is preempted by 42 U.S.C. § 2000e-16. (*Id.*) Plaintiff failed to file a timely response to Defendant United States' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim.

The Court lacks subject matter jurisdiction over this case.   Plaintiff was required to pursue his administrative remedies prior to bringing this civil action against the United States.   Pursuant to 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . .

Filing a timely administrative claim is jurisdictional and cannot be waived.  *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir.1994) (citing *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir.1986).   Plaintiff bears the burden of establishing subject matter jurisdiction and thus is charged with bringing forth sufficient admissible evidence to support their claims.  *Rashid v. United States*, 170 F.Supp.2d 642, 646 (S.D. W. Va. 2001) (Goodwin, J.) (citing *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d

8

1213 (4th Cir.1982)).

Plaintiff failed to file a response to the United States' motion to dismiss for lack of jurisdiction and failure to state a claim.  In his objections to the PF&R, he, for the first time, purports to object to the United States' motion to dismiss.   He states that he "did not filed [sic] an administrative claim with GSA due to the fact the issue is not with GSA but with Ms. Spensky." (Docket 12 at 3.)   He argues that the state court forum in which he filed his complaint has jurisdiction "over a dispute of slander and defamation between two parties."   (*Id.*)

Plaintiff concedes that prior to filing his complaint, he did not first present his claim to the appropriate federal agency and that any such claim was finally denied by the agency in writing and sent by certified or registered mail.   Nor do any such allegations appear in his complaint. (Docket 1-1.)   As noted, the Court finds that because Plaintiff failed to prove that Meghan Spensky was acting outside the scope of her employment at the time of the incident, because Plaintiff's complaint alleges tort claims against Ms. Spensky, because the FTCA requires a plaintiff to exhaust his administrative remedies prior to filing a tort lawsuit against a federal employee, and because Plaintiff concedes he did not pursue his administrative remedies prior to filing his complaint, this Court, pursuant to 28 U.S.C. § 2675(a), lacks subject matter jurisdiction over this case.[1]

### III.    CONCLUSION

For the foregoing reasons, the Court **DISMISSES WITH PREJUDICE** this case from the

---

[1]  In light of this finding, the Court need not address the United States' alternative arguments for dismissal.

Court's docket.   A separate Judgment Order will be entered this day implementing the Court's Judgment.

      **IT IS SO ORDERED**.

      The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:       September 5, 2012

                   _____

                   THOMAS E. JOHNSTON
                   UNITED STATES DISTRICT JUDGE